**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1160
_____

ANDREW FULLMAN,
Appellant

v.

CITY OF PHILADELPHIA;
RASHEEN DICKERSON; STEPHEN CASSIDY;
JARED KRZYWICKI; TERRANCE LYNCH; OFFICER MITCHELL; JOHN DOE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-01536)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2017
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: January 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Andrew Fullman seeks review of the District Court's order

granting summary judgment to defendants in his suit brought pursuant to 28 U.S.C.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 1343 and 42 U.S.C. §§ 1981, 1983, 1218. For the reasons set forth below, we will affirm in part, vacate in part, and remand for further proceedings.

This matter has a complicated procedural history which is familiar to all parties, so we need not fully recite it here. In summary, from 2008 to 2010, Fullman filed three separate complaints against, inter alia, the City of Philadelphia, the Philadelphia Police Department, and numerous police officers alleging violations of his civil and constitutional rights. Each case was placed in suspense at Fullman's request due to his mental health condition at the time. In June 2014, the cases were removed from civil suspense, and Fullman was given leave to file an amended complaint consolidating his claims; the District Court ordered that the claims would "relate back, respectively, to the filing of the original complaint in each case from which the claim was first asserted." District Ct. Docket #48 at pg. 2. The operative complaint at issue, Fullman's third amended complaint filed on August 25, 2011,[1] named as defendants the City of Philadelphia, Police Officers Rasheen Dickinson, Jared Krzywicki, Terrance Lynch, Mitchell, and John Doe, and Police Lieutenant Stephen Cassidy. It alleged claims of excessive force, denial of due process and equal protection, and "harassment and retaliation," as well as a claim under the American with Disabilities Act (ADA). The claims stemmed from three separate incidents, as well as several traffic stops, involving

---

[1] Although it was captioned as the "Second Amended Consolidated Complaint," we agree with the District Court that this was the third amended complaint.

2

Fullman and Philadelphia police officers.[2]  The District Court granted summary judgment to the defendants, and this appeal ensued.[3]

We have appellate jurisdiction under 28 U.S.C. § 1291.  Our review of an order granting summary judgment is plenary.  DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004).  Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Fullman raises four issues on appeal:  (1) Whether the statute of limitations period should be tolled to the time when the amended complaint was filed; (2) Whether the December 7, 2006 letter satisfies the Monell standards for custom or policy; (3)  Whether the trial court overstepped its role of gatekeeper and stepped into the shoes of the jury with respect to the question of whether the force used was necessary and/or excessive; and (4) Whether the trial court's alleged "bias toward the plaintiff clouded the court's judgment and prevented impartiality as a result of his prior unrelated lawsuits."  We consider no other question on appeal because Fullman, by failing to raise any additional

---

[2] The facts underlying these incidents are fully set forth by the District Court in its opinion.

[3] A subsequent motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) was denied. Because Fullman has not filed a new or amended notice of appeal, our jurisdiction is limited to the District Court's underlying order granting summary judgment. See Fed. R. App. P. 4(a)(4)(B)(ii).

3

issues, waived any further challenge to the District Court's decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"); see also LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal").

Fullman sought to impose liability on the City of Philadelphia for the acts of its police officers and the Police Department. The District Court determined that Fullman failed to state a claim for relief because the City cannot be held liable in a § 1983 action on a theory of respondeat superior, and Fullman failed to allege facts demonstrating the existence of a municipal policy or custom that led to the alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013). In the "Questions Presented" section of his brief, Fullman disputes the District Court's determination under Monell. Appellees argue, correctly, that he has waived this issue by failing to further address it in his brief. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("appellants are required to set forth the issues raised on appeal *and* to present an argument in support of those issues in their opening brief) (emphasis added). In any event, the claim is meritless for the reasons stated by the District Court. In particular, we note that the December 2006 letter from Lieutenant John Echols does not acknowledge a "pattern of harassment" by the police;

instead, it evidences that Fullman's complaints were being investigated and, to that point, all ten had been unsustained. See Rogers v. City of Little Rock, 152 F.3d 790, 799 (8th Cir. 1998) (noting that to establish liability under Monell, there "must also be some showing that the [underlying] complaints had merit").

The District Court concluded that the claims against defendants Dickerson, Cassidy, and Krzywicki, which arose out of an incident that occurred on April 3, 2008, were time-barred. In their brief on appeal, Appellees assert that the District Court erred in failing to determine that the amended complaint could "relate back" to the original complaint filed on April 5, 2010, because it was filed within the statute of limitations. See Fed. R. Civ. P. 15(c)(1)(B). We agree. Claims brought pursuant to § 1983 are subject to the state statute of limitations for personal injury actions, see Wilson v. Garcia, 471 U.S. 261, 266-67 (1985), which in Pennsylvania is two years, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). The District Court determined that, even if the complaint related back, the claims were still time-barred. As Appellees note, however, the two-year limitations period expired on Saturday, April 3, 2010. Pursuant to Pennsylvania law, which excludes Saturdays and Sundays from the statute of limitations computation, the claims were timely filed on Monday, April 5, 2010. See Pa. C.S.A. § 1908; see also Fed. R. Civ. P. 6(a).

Appellees concede that there is a genuine issue of material fact regarding the excessive force claim against defendant Dickerson. As the parties agree that the case should be remanded for further consideration of this claim as to this defendant, we need

5

not discuss it further.  Appellees argue that the grant of summary judgment for Krzywicki and Cassidy should be affirmed, nevertheless, because the record demonstrates that they "never used any force against" Fullman, and because he "makes no mention of them on appeal."  The propriety of the District Court's grant of summary judgment as to the claims against Krzywicki and Cassidy[4] was not raised on appeal and is, therefore, waived.  In his brief, Fullman argues that the District Court erred in calculating the statute of limitations for his "related amended lawsuit alleging his left shoulder injury." Although he argues the merits of his excessive force claim against Dickerson, he never references the other defendants or his claims against them, not even in response to Appellees' arguments that these claims were waived.  Accordingly, although timely filed in the District Court, the claims against Krzywicki and Cassidy are not properly before us.

Finally, we find no merit to Fullman's argument that the District Court was biased against him because it referred to him as "a notorious and prolific litigant."  We note that this reference was made by the District Court in a footnote in its order *granting* his motion to place the original complaints in suspense.  Neither this characterization nor any evidence in the record demonstrates that the judge's comment constituted a predisposition against Fullman that resulted in an inability to render fair judgment.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the

---

[4] These claims were not for excessive force; the claim against Krzywicki sounded in false arrest, and the claim against Cassidy was for the failure to provide medical attention

basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Based on the foregoing, we will vacate the District Court's order to the extent it granted summary judgment as to the excessive force claim against defendant Dickerson, and we will remand for further proceedings. We will affirm the judgment in all other respects.[5]

---

allegedly necessitated by Dickerson's use of excessive force.

[5] Appellees' motion to file a supplemental appendix is granted.